```
United States District Court
Eastern District of New York
```
------------------------------------X

Gerald C. Prophete,

        Plaintiff,                **Memorandum and Order**

  - against -                    No. 19-cv-3466 (KAM) (LB)

Acevedo-Smith, *et al.*,

        Defendants.

------------------------------------X

**Kiyo A. Matsumoto, United States District Judge:**

    Presently before the Court is Plaintiff Gerald C. Prophete's motion to file a Second Amended Complaint to plead additional claims against Department of Homeless Services ("DHS") Sergeant Haydee Acevedo-Smith ("Sergeant Acevedo-Smith"), DHS Officer Abraham Watkins ("Officer Watkins"), and DHS Special Officer Alex Andujar ("Special Officer Andujar" and together with Sergeant Acevedo-Smith and Officer Watkins, "Defendants") for failure to intervene and violation of Plaintiff's fair trial rights (the "Disputed Claims"). (*See* ECF No. 104, "Pl. Letter I"; ECF No. 110, "Pl. Letter II".) Defendants oppose Plaintiff's motion arguing Plaintiff has not provided a sufficient reason for his delay in seeking leave to amend, the amendment would prejudice Defendants, and the proposed amendment is futile. (*See* ECF No. 109, "Defs. Letter I"; ECF No. 111, "Defs. Letter II".) For the

reasons set forth below, having reviewed the Parties' submissions, the factual record, and the relevant case law, Plaintiff's motion for leave to amend is DENIED because Plaintiff has failed to provide adequate reason for his inordinate delay in seeking leave to amend and Defendants would be prejudiced by the amendment.[1]  *See Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 125 (2d Cir. 2008) (per curiam) (citation omitted) ("[M]otions to amend should generally be denied in instances of futility, undue delay, bad faith or dilatory motive, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice to the non-moving party.").

## Factual and Procedural Background

In 2018, Plaintiff was a resident at Samaritan Village, a shelter in Brooklyn, run by DHS.  *See Prophete v. Acevedo-Smith*, 743 F. Supp. 3d 440, 444 (E.D.N.Y. 2024).  On the morning of October 2, 2018, "after having lived at Samaritan Village for five years, [Plaintiff] was involved in an altercation that ended in him being pepper sprayed by Sergeant Acevedo-Smith and arrested."  *Id.*

Thereafter, on June 4, 2019, Plaintiff initiated the instant

---

[1] "Given the Court's finding that . . . undue delay [and undue prejudice] warrant denial of leave to amend, the Court need not reach [Defendants' arguments as to] futility."  *Rimini v. J.P. Morgan Chase & Co.*, No. 21-cv-7209 (JPC) (SLC), 2022 WL 17418604, at *2 n.1 (S.D.N.Y. Mar. 18, 2022); *see also Morency v. NYU Hosps. Ctr.*, 728 F. App'x 75, 76 n.1 (2d Cir. 2018) (mem.) (affirming the district court's denial of leave to amend and noting although the district analyzed undue delay, prejudice, and futility, "the district court's undue delay and prejudice determinations suffice to resolve [plaintiff's] appeal").

action *pro se* and filed the operative Amended Complaint on January 10, 2020, pleading federal civil rights claims pursuant to 42 U.S.C. § 1983 against the three officers involved in the October 12, 2018 incident.  (ECF No. 1, Compl.; ECF No. 7, Am. Compl.)  In September 2022, Plaintiff retained counsel through the Civil Rights Clinic at the Benjamin N. Cardozo School of Law ("Cardozo Civil Rights Clinic") for the limited purposes of discovery and depositions.  (*See* ECF No. 53.)  Discovery closed on May 6, 2023 and Plaintiff's counsel from the Cardozo Civil Rights Clinic withdrew on June 6, 2023.  (*See* ECF No. 68, Disc. Order at 3; ECF No. 71, Order.)  Plaintiff retained his current counsel on July 27, 2023.  (ECF No. 75, Notice of Appearance.)

On September 7, 2023, Defendants filed a pre-motion conference letter regarding their anticipated motion for partial summary judgment on Plaintiff's unlawful search claim against Officer Andujar and delay of medical care claim against all Defendants.  (ECF No. 78, "Def. PMC Letter".)  On October 2, 2023, Plaintiff responded to Defendants' pre-motion conference letter and articulated the causes of action asserted in Plaintiff's amended complaint as "claims for false arrest, malicious prosecution, excessive force, warrantless and unreasonable search and seizure, and denial of medical care," without reference to the Disputed Claims.  (ECF No. 80, "Pl. PMC Resp." at 1 (citing ECF No. 7, Am. Compl.).)  On October 16, 2023, Plaintiff voluntarily

3

dismissed his denial of medical treatment claim against all Defendants. (*See* ECF No. 81, "Stip. of Dismissal".) The Court held a pre-motion conference on October 31, 2023 and Defendants' motion for partial summary judgment on Plaintiff's unlawful search claim against Officer Andujar was fully briefed on February 5, 2024. (*See* ECF Nos. 89, 91, 92.) On August 5, 2024, the Court granted Defendant's motion for summary judgment, dismissed Plaintiff's unreasonable search claim against Officer Andujar with prejudice, set Plaintiff's remaining claims for trial, and directed the Parties to "jointly file a proposed pre-trial order." *Prophete*, 743 F. Supp. 3d at 452.

On October 3, 2024, the Parties filed the proposed joint pre-trial order in which Plaintiff alleged, for the first time, that the claims alleged in the Amended Complaint included violations of 42 U.S.C. § 1983 for failure to intervene and denial of a right to a fair trial, in addition to the previously alleged claims for false arrest, excessive force, and malicious prosecution. (*Compare* ECF No. 99, Proposed Pre-trial Order at 2-3, *with* ECF No. 80, Pl. PMC Resp. at 1.) The Court held a status conference on October 18, 2024 to address Defendants' argument that the Disputed Claims should not proceed to trial because they were never pleaded or litigated, and granted the Parties' leave to submit letters to the Court on this issue. (*See* Min. Entry dated Oct. 18, 2024; ECF No. 100, Pl. Letter I; ECF No. 101, Pl. Letter II; ECF No. 102,

4

Def. Reply.) In a docket order dated November 15, 2024, the Court held that Plaintiff did not plead the Disputed Claims in the Amended Complaint because the Amended Complaint did not contain factual allegations necessary to support either claim. (Dkt. Order dated Nov. 15, 2024 (citing *Lewis v. City of N.Y.*, 591 F. App'x 21, 22 (2d Cir. 2015) (summary order) ("[B]ecause [plaintiff] has provided no detail regarding the evidence purportedly fabricated by the defendant officers, he has not stated a plausible claim for denial of the right to a fair trial."); *Corley v. Shahid*, 89 F. Supp. 3d 518, 523 (E.D.N.Y. 2015) (finding plaintiff failed to state a plausible failure to intervene claim because "the mere fact that [an officer] was present for the entire incident does not, on its own, establish that he had either awareness of excessive force being used or an opportunity to prevent it.").) This Court further held that Plaintiff could not raise the Disputed Claims at this stage of the litigation, after the close of discovery, in a pre-trial order. (*Id.*) Plaintiff's instant motion to amend the complaint followed.

### **Legal Standard**

"In the ordinary course, the Federal Rules of Civil Procedure provide that courts 'should freely give leave' to amend a complaint 'when justice so requires.' This permissive standard is consistent with [the Second Circuit's] 'strong preference for resolving disputes on the merits.'" *Williams v. Citigroup Inc.*, 659 F.3d

5

208, 212-13 (2d Cir. 2011) (citing Fed. R. Civ. P. 15(a)(2); *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). It is well settled, though, that a "court plainly has discretion . . . to deny leave to amend where the motion is made after an inordinate delay, no satisfactory explanation is offered for the delay, and the amendment would prejudice the defendant." *Cresswell v. Sullivan & Cromwell*, 922 F.2d 60, 72 (2d Cir. 1990) (citation omitted).

Where, as here, a significant amount of time has passed between the filing of the complaint and the motion for leave to amend, here more than five years, "the burden [is] upon the movant to show some 'valid reason for his neglect and delay.'" *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (2d Cir. 1983) (quoting Hayes v. New England Millwork Distribs., Inc., 602 F.2d 15, 19-20 (1st Cir. 1979)) (denying plaintiff's motion to amend for the aforementioned reasons). "[L]eave to amend may be denied where the moving party knows or should have known of the facts upon which the proposed amendment is based, but failed to include them in the original pleading." *Priestley v. Am. Airlines, Inc.*, No. 89-cv-8265 (JMC), 1991 WL 64459, at *1 (S.D.N.Y. Apr. 12, 1991).

Moreover, "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block v. First Blood Assocs.*, 988 F.2d 344, 350

6

(2d Cir. 1993) (quoting *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir. 1983)). Indeed, "[p]rejudice may be found, for example, when the amendment is sought after discovery has been closed." *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 123 (S.D.N.Y. 2009) (citation omitted).

## Discussion

### I. Undue Delay

The Court recognizes that Plaintiff was *pro se* when he initiated this action on June 4, 2019, more than five and a half years ago, however, he has been represented by counsel since September 2022, discovery has been closed since May 2023, almost two years ago, and this Court ruled on Defendant's motion for summary judgment almost eight months ago. Indeed, at the time Plaintiff first raised the Disputed Claims, the Parties were preparing to proceed to trial. (*See* ECF No. 99, Proposed Pre-trial Order; ECF No. 103, Revised Proposed Pre-trial Order.) Accordingly, there is no question that there has been an "inordinate delay" in Plaintiff seeking leave to amend the complaint. *Cresswell*, 922 F.2d at 72 (affirming district court's denial of leave to amend where Plaintiffs moved to amend their second amended complaint "more than 17 months after bringing suit, more than six months after filing their second amended complaint, and more than one month after responding to the motion for summary judgment"); *see also McCarthy v. Dun & Bradstreet Corp.*, 482 F. 3d

7

184, 202 (2d Cir. 2007) (affirming district court's denial of leave to amend where the motion was filed after "discovery had closed, defendants had filed for summary judgment, and nearly two years had passed since the filing of the original complaint").

Where such a delay occurs, "[t]he burden is on the party who wishes to amend to provide a satisfactory explanation for the delay, and the court is free to conclude that ignorance of the law is an unsatisfactory excuse." *Cresswell*, 922 F.2d at 72 (citing *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984); *Goss v. Revlon, Inc.*, 548 F.2d 405, 407 (2d Cir. 1976)). Here, the only explanation Plaintiff provides for his delay is his purported "*pro se* status for much of this litigation and the limited scope of his prior representation." (ECF No. 110, Pl. Letter at 4.) This is not a "'satisfactory explanation' for [Plaintiff's] nearly [twenty-month] delay in seeking amendment" after the close of discovery because he has been represented by counsel since September 2022, and by current counsel since July 2023. *Morency*, 827 F. App'x at 76-77 (affirming denial of leave to amend where there was a 13-month delay in seeking amendment); (ECF No. 110, Pl. Letter at 10 ("Plaintiff did not obtain full representation until July 2023").) Indeed, "ignorance of the law, even by a *pro se* litigant, is not a satisfactory explanation" for delay. *United States v. Buff*, No. 23-cv-1070, 2024 WL 4262956, at *2 (2d Cir. Sept. 23, 2024)

8

(summary order) (citing *Goss*, 548 F.2d at 407).

Although Plaintiff filed the instant action *pro se* and was first represented by the Cardozo Civil Rights Clinic for the limited purpose of discovery and depositions, there was only one month during which Plaintiff was proceeding *pro se* after the close of discovery and counsel from the Cardozo Civil Rights Clinic withdrew. (ECF No. 110, Pl. Letter at 10.) Indeed, counsel of record has represented Plaintiff throughout summary judgment briefing, during which counsel articulated the claims at issue as "claims for false arrest, malicious prosecution, excessive force, warrantless and unreasonable search and seizure, and denial of medical care," without reference to the Disputed Claims. (ECF No. 80, Pl. PMC Resp. at 1.) Moreover, Plaintiff concedes that the proposed fair trial claim and the previously alleged malicious prosecution claim are "based on the same evidence" and some discovery was already conducted to support the proposed failure to intervene claim (ECF No. 100, Pl. Letter I at 5, 8), thereby indicating that "nearly all of the relevant facts giving rise to [the Disputed Claims] were or should have been peculiarly within [Plaintiff's] possession" since the close of discovery, but Plaintiff nevertheless failed to move to amend the pleading. *Morency*, 728 F. App'x at 76-77; *New Hampshire Ins. Co. v. Total Tool Supply, Inc.*, 621 F. Supp. 2d 121, 124 (S.D.N.Y. 2009) (same).

Accordingly, the Court denies Plaintiff's proposed amendment

9

on the grounds that Plaintiff has failed to meet his burden to "show some 'valid reason for his neglect and delay'" in seeking leave to amend the complaint. *Sanders*, 582 F. Supp. at 952 (collecting cases); *see also Brown v. Fisher*, 486 F. App'x 959, 960 (2d Cir. 2012) (affirming district court's denial of leave to amend where plaintiff "failed to move for leave to amend his complaint before the close of discovery or after receiving [defendant's] summary judgment motion . . . [and] requested leave to amend his complaint and reopen discovery . . . more than eight months after the summary judgment motion had been filed, a year after discovery had closed, and almost two years after the initial complaint had been filed").

## II.  Undue Prejudice

Even if the Court did not find undue delay, the Court "would [nevertheless] deny [P]laintiff's motion on the grounds that the proposed amendment would be prejudicial." *Morency v. N.Y.U. Langone Med. Ctr. Hosp.*, No. 15-cv-9142 (NRB), 2017 WL 1536057, at *4 (S.D.N.Y. Apr. 17, 2017), *aff'd*, 728 F. App'x 75 (2d Cir. 2018). "Courts in this Circuit have repeatedly found that a proposed amendment will prejudice the nonmoving party where it would require the court to reopen discovery" and the delay has "caused [witnesses'] memories of the relevant events to fade." *Coggins v. County of Nassau*, 254 F. Supp. 3d 500, 508-09 (E.D.N.Y. 2017) (collecting cases).  Where, as here, the proposed claims are "not

10

predicated on facts learned after the pleading stage of the litigation, the resulting delay is not excusable . . . [particularly] where the proposed claim will significantly increase the scope of discovery when the case is ready for trial." *New Hampshire Ins.*, 621 F. Supp. at 123 (quoting *Priestley*, 1991 WL 64459, at *2).

Here, as noted above, Plaintiff seeks leave to amend almost twenty-months after the close of discovery, at the very moment the Parties were preparing to proceed to trial. (*See* ECF No. 99, Proposed Pre-trial Order; ECF No. 103, Revised Proposed Pre-trial Order.) Moreover, although Plaintiff attempts to argue that "no additional discovery would be required regarding Plaintiff's new claims," (ECF No. 104, Pl. Letter I at 2), Defendants plausibly respond that they will, "at a minimum, need to reopen Plaintiff's deposition to question him about the facts underlying these newly added claims," which may result in the need to "serve additional interrogatories and document requests geared towards these newly added claims." (ECF No. 109, Defs. Letter I at 1-2.) Although Plaintiff argues that Defendants have nevertheless failed to "articulate any concrete undue prejudice that would result from Plaintiff's proposed amendment," (ECF No. 110, Pl. Letter II at 5), the Second Circuit is clear that "the longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice." *Block*, 988 F.2d at 350

11

(quoting *Evans*, 704 F.2d at 47).

Here, Defendants argue that the "greatest prejudice in having to re-depose Plaintiff is the sheer amount of time that has passed since both the date of the underlying incident and Plaintiff's last deposition . . . [because] it can be expected that Plaintiff's memory of the incidents giving rise to this lawsuit, which date back to 2018, have faded over the last several years." (ECF No. 109, Defs. Letter I at 1.) This Court agrees with Defendants. Defendants would be prejudiced by granting leave to amend at this late stage because "it would require the reopening of discovery and further delay the resolution of this lawsuit." *Instinet Inc. v. Ariel (UK) Ltd.*, No. 08-cv-7141 (JFK) (RLE), 2011 WL 4444086, at *3 (S.D.N.Y. Sept. 26, 2011). Moreover, the re-opening of Plaintiff's deposition nearly seven years after the events underlying the instant case took place will prejudice Defendants because Plaintiff's "recollection of events [would] undoubtedly be diminished." *Zubulake v. UBS Warburg LLC*, 231 F.R.D. 159, 162 (S.D.N.Y. 2005). However, the Court must still conduct an analysis of the factors set forth in..

Indeed, the Second Circuit has affirmed a district court's denial of leave to amend as "especially prejudicial given the fact that discovery had been completed and [the defendant] had already filed a motion for summary judgment." *Ansam Assocs., Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 446 (2d Cir. 1985). The

12

recollections of trial witnesses are also likely to be diminished if trial is further delayed by the reopening of discovery and additional motion practice anticipated by Defendants. (*See* ECF No. 109, Defs. Letter I at 2.) Here, not only has discovery been completed for almost two years, but the Court has also ruled on Defendant's motion for summary judgment, and the Parties have submitted a proposed joint pre-trial order.

Accordingly, the Court denies Plaintiff's motion for leave amend on the grounds that Defendant would be unduly prejudiced. *See AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725-26 (2d Cir. 2010) ("[a]mendment may be prejudicial when, among other things, it would require the opponent to expend significant additional resources to conduct discovery and prepare for trial or significantly delay the resolution of the dispute"); *Travelers Ins. Co. v. Buffalo Reinsurance Co.*, No. 86-cv-3369 (JMC), 1990 WL 116741, at *2 (S.D.N.Y. Aug. 7, 1990) (denying leave to amend and finding "[t]he burden of additional discovery is adequate justification for denial of leave to amend . . . where the amendment would reopen discovery concerning an event that happened many years ago.") (citations omitted).

## Conclusion

For the reasons set forth above, the Court finds that Plaintiff failed to provide adequate reasons for his undue delay in seeking leave to amend to add new claims and Defendants would

13

be prejudiced by any further amendments. Plaintiff's motion to amend, therefore, is DENIED. The parties shall jointly file an amended joint pre-trial order in accordance with Section IV(A) of the undersigned judge's Chambers Practices by April 23, 2025.

**So ordered.**

Dated:     April 9, 2024
           Brooklyn, New York
                                    _____
                                    **Kiyo A. Matsumoto**
                                    United States District Judge
                                    Eastern District of New York

14